Oldham, J. This was an action of debt upon a sheriff’s bond.The declaration contains nine breaches. The defendants demurred, and their demurrer being sustained the plaintiff has brought the case into this court by writ of error. The first and sixth breaches assigned are insufficient. They aver executions came to the sheriff’s hands on the 18th day of December 1840, and were returnable on the first day of March 1841, and that before the return day of the writs he seized and took into his possession, certain lands, thirteen slaves, three head of horses, two yoke of oxen and fourteen head of cattle, and that he did not sell the said land, slaves, horses, oxen or cattle, or have the damages or costs before the court on the return day of the writ. By law the sheriff was not authorized to sell the land and slaves levied upon except on the first day of the circuit coui't of his county, Rev. St. ch. 60, sec. 4Í. The time of holding the circuit courts is fixed by a public law, of which this court will take judicial notice.' The act of 13th December 1838, and which was in force at the time when the writs of execution specified in the declaration, came to the hands of the sheriff and confinued in force until the return, required the circuit courts of Jefferson county to be held on the second Mondays of April and October. There was consequently no court held in Jefferson county between the time when the executions came to the sheriff’s hands and their return day, he was therefore not guilty of a breach of the condition of his bond. But had there been a court at which a sale could have been made still all the facts contained in the breaches may be true and the sheriff not be guilty of an omission of duty, in failing to sell the slaves and personal property. The law authorized him to re-deliver the property to the defendant in the execution and take from him a forthcoming delivery, bond. If the sheriff did this he was not guilty of a breach of the condition of his bond. Courts will not presume against officers but in their favor, and hence it is a rule that every officer is presumed to have done his duty until the contrary is made to appear. The acts of commission or omission on the part of the sheriff should be so averred as clearly to show a positive failure of duty on his part, and a cleár and palpable breach of the condition of his bond. In this respect, for the reasons already given we conceive that the breaches of the declaration under consideration are wholly insufficient. The objection taken that the declaration does not show the date ,of the writs of execution is not well founded. That defect was .amendable. The executions became a lien from the lime they came jnto the sheriff’s hands, and if there was no other objection it w.as his duty to have executed and returned them. The second, third, fourth, fifth, seventh and eighth breaches are .all insufficient. A venditioni exponas is the proper process to compel a sale upon an execution levied, and a second execution should not issue until it is seen whether the first levy will satisfy the judgment. Hopkins vs. Chamle. s, 7 Wend. Rep. 282. These breaches all show that levies had been made under the original exe-rations, and that the property had not been sold or otherwise disposed of, and consequently an alias execution was not the proper process to authorize or compel the sheriff to make sale. The memorandums which appear to have been made by the clerk on the filias Ji. fa. cannot be regarded as writs of venditioni exponas. They were merely intended as matters of information and not writs of ■process. There is no law giving to such memorandums or endorsements the force and effect of valid writs. The breaches, under consideration are bad, as settled in the cases of Lyon vs. Evans et al. 1 Ark. R. 349 and Phillips vs. Governor, 2 Ark. R. 382, where it was held “ that each breach must specially state the facts on which the right of those for whose use the suit is brought depends, with as much certainty and precision as is required in the counts of a declaration.” Many of the essentials to constitute a good breach are omitted in these breaches, or other breaches are referred to as containing the facts which should be specifically averred in each. The ninth breach is for this last reason also defective. Furthermore, although a sale made by the sheriff as is alleged was irregular, yet Trapr.all & Cocke do not show themselves to have been in a situation to complain of the irregularity. This breach does not show that they were judgment creditors, only by reference to other breaches in the declaration: they had nq valid process in the hands pf the sheriff and have no more right to complain than any othep preditor. We think the declaration insufficient and affirm the judgment.